**J. H. BAROCO et al., Plaintiffs-Appellees,**

v.

**COMMUNITY NATIONAL LIFE INSUR-ANCE COMPANY, Defendant-Appellant.**

**No. 28593**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 8, 1970.

Joe J. Harrell, Pensacola, Fla., for appellant.

Patrick G. Emmanuel, Pensacola, Fla., for appellees.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

■ This is diversity action by Baroco and others against the Community National Life Insurance Company for damages resulting from an exchange of stock between the parties. After extensive discovery, the trial court granted partial summary judgment for Baroco and the other plaintiffs, awarding damages because the stock traded them by Community was not registered as required by Florida law. Appellant Community challenges this award, arguing (1) that the stock was not required to be registered and (2) that a material issue of disputed fact was raised by its allegations of estoppel against appellees. We find no merit to either contention, and consequently we affirm the judgment.[1]

■ Appellant's first contention, that the stock did not have to be registered, is based upon a classification of

---

1. Pursuant to our Local Rule 18 we decide this case on the briefs and record.

**334**

exempt transactions provided in the Florida Blue Sky Law, Fla.Stat.Ann. § 517.06 (1962), F.S.A. Subsection (5) of this provision states that a sale of securities to an insurance company is exempt. Community National Life Insurance Company is an insurance company, and consequently a sale of stock to it would be exempt. The trouble with Community's argument is that the transaction at issue here was an exchange of stock. Appellees, who are Florida individuals, traded stock in a corporation they controlled, the Eagle National Life Insurance Company, for stock in Community. Thus the delivery of securities in Community to the individual appellees violated the Florida Blue Sky Law even though the other half of the trade, the sale to Community, was exempt. The trial court's ruling on this question, which is entirely a question of law, was correct.

■ Appellant's next contention is that partial summary judgment was improper because the affidavits and depositions on file raise issues of material fact relating to its defense of estoppel. *Cf.* Fed.R.Civ.P. 56(e). Without specifying what issues or even what testimony prompts it to say so, appellant argues that "a cursory scanning of the depositions of Baroco, Ryan, and Dickey will show questions of fact precluding the entry of summary judgment." It is true that many disputed fact issues are raised by these depositions, but none that relates to the issues considered on the motion for partial summary judgment. Indeed, we have read the record with care but have found no indication of knowledge by appellees that the stock was unregistered. All indications are to the contrary. Baroco testified without contradiction that he did not know and it is clear that he was the only plaintiff who had contact with Community. There are no indications that Community ever informed the appellees, and in fact up to the present Community has steadfastly maintained that it did not have to register the stock. Under these circumstances, the trial court was correct in

regarding as undisputed the fact that appellees did not know the stock was unregistered, and therefore the court was also correct in ruling that appellees could not have been guilty of estoppel in failing to object to the transaction earlier. Since no disputed fact questions were raised, summary judgment was proper.

Affirmed.